94 So.2d 782

TALLADEGA COUNTY

v.

ST. CLAIR COUNTY.

7 Div. 324.

Supreme Court of Alabama.

March 7, 1957.

Rehearing Denied May 9, 1957.

Stringer & Montgomery, Talladega, for appellant.

Frontis H. Moore, Samuel H. Burr and Burr, McKamy, Moore & Thomas, Birmingham, for appellee.

LAWSON, Justice.

St. Clair County filed its bill against Talladega County in the circuit court of St. Clair County, in equity, wherein it prayed: "* * * that upon a final hearing of this complaint, the court will make and enter a decree establishing that the true boundary line between complainant and respondent is the east bank of the Coosa River; but if complainant is mistaken in the relief herein prayed for, complainant prays that the court will make and enter a decree establishing the true boundary line between complainant and respondent." Several Acts of the Legislature creating and fixing boundaries of certain counties of the state were set out in the bill as amended. However, we think it necessary here to refer only to Act No. 11, approved December 18, 1832, Acts 1832–1833, p. 9, in § 2 of which Talladega County was established and its boundaries fixed. Said section reads:

"And be it further enacted, that all that tract of country bounded as follows, to wit: beginning at a point on the East bank of the Coosa River, where the line dividing Townships 16 and 17 intersects with said river; thence along said line due East to the line dividing Ranges 8 and 9 East of the Meridian of Huntsville; thence South along said line to the line dividing Coffee's from Freeman's surveys; thence West along said line to the East bank of the Coosa River; thence up said river to the beginning; shall constitute one separate and distinct county, to be called and known by the name of Talladega."

It appears from the amended bill that no subsequent Act which deals with the boundaries of Talladega County has in any wise changed those parts of § 2 of the 1832 Act, supra, which relate to the Coosa River.

Aside from averring that under the several acts of the Legislature creating the counties and fixing the boundaries, the East bank of the Coosa River was the boundary line between St. Clair and Talladega Counties, the bill as amended further averred that if said acts did not as a matter of law establish that the true line between said counties was the East bank of the Coosa River, then said acts were ambiguous and that from time immemorial, to wit, August 9, 1814, the date of the treaty of Fort Jackson, the East bank of the Coosa River has been recognized as the true boundary line between the two counties.

From a decree overruling its demurrer to the bill as amended, Talladega County has appealed to this court.

The demurrer took the point that the said 1832 Act, supra, affirmatively shows that the correct line between the counties was the median line or thread of the Coosa River and that the true line being a matter of judicial knowledge, the averments of acquiescence are immaterial.

The question for decision on this appeal is in all practical respects the same as that presented in the case of St. Clair County v. Calhoun County, Ala., 94 So.2d 777,[1] wherein we held that the true and correct boundary line between St. Clair and Calhoun Counties is the median line or thread of the Coosa River by virtue of the language used in § 1 of the 1832 Act, supra, which language is in material respects the same as that used in § 2 of that Act.

It results from our holding in St. Clair County v. Calhoun County, supra, that the trial court erred in overruling the demurrer

interposed by Talladega County to the bill as amended.

The decree of the trial court will be reversed and one here rendered sustaining the demurrer.

Reversed and rendered.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.